UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A.D., an individual,

      Plaintiff,

v.                          Case No:  2:22-cv-647-JES-NPM

CHOICE HOTELS INTERNATIONAL,
INC., ROBERT VOCISANO, MARIO
VOCISANO,  and  R&M  REAL
ESTATE COMPANY, INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #53) filed on June 1, 2023, and R & M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #54) filed on June 6, 2023. Plaintiff filed a Consolidated Response in Opposition (Doc. #59) on July 3, 2023. Both defendants filed Replies. (Docs. ## 62, 63.) Plaintiff filed a Notice of Supplemental Authority (Doc. #64) on August 8, 2023.

**I.**

On April 18, 2023, the Court granted in part defendants' motions to dismiss with leave to file an Amended Complaint. A.D. v. Choice Hotels Int'l, Inc., No. 2:22-CV-647-JES-NPM, 2023 WL 2991041, at *1 (M.D. Fla. Apr. 18, 2023). On May 9, 2023,

plaintiff filed a Second Amended Complaint (Doc. #47) and defendants have now essentially renewed their motions to dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

Plaintiff's (second) amended complaint is brought pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA). As previously stated,

> The TVPRA is a criminal statute that also provides a civil remedy to victims of sex trafficking. Section 1591(a) of the Act imposes criminal liability for certain sex trafficking:
>
> (a) Whoever knowingly--
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States,

recruits,    entices,    harbors,    transports,
provides,   obtains,   advertises,   maintains,
patronizes, or solicits by any means a person;
or

(2)  benefits,  financially  or  by  receiving
anything of value, from participation in a
venture which has engaged in an act described
in violation of paragraph (1),

knowing, or, except where the act constituting
the violation of paragraph (1) is advertising,
in reckless disregard of the fact, that means
of  force,  threats  of  force,  fraud,  coercion
described   in   subsection   (e)(2),   or   any
combination  of  such  means  will  be  used  to
cause the person to engage in a commercial sex
act, or that the person has not attained the
age of 18 years and will be caused to engage
in a commercial sex act, shall be punished as
provided in subsection (b).

18  U.S.C.A.  §  1591(a).   In  addition  to  a
criminal punishment, the TVPRA provides the
following civil remedy:

(a)  An  individual  who  is  a  victim  of  a
violation  of  this  chapter  may  bring  a  civil
action against the perpetrator (or whoever
knowingly   benefits,   financially   or   by
receiving anything of value from participation
in a venture which that person knew or should
have known has engaged in an act in violation
of  this  chapter)  in  an  appropriate  district
court  of  the  United  States  and  may  recover
damages and reasonable attorneys fees.

18 U.S.C. § 1595(a).

Thus, the TVRPA authorizes a victim of sex
trafficking  to  bring  a  direct  civil  claim
against the perpetrator of the trafficking and
a "beneficiary" civil claim against "whoever
knowingly   benefits,   financially   or   by
receiving anything of value from participation
in a venture which that person knew or should
have known has engaged in an act in violation
of  [the  TVPRA]."  18  U.S.C.  §  1595(a).   To

> state a claim for beneficiary liability under
> the TVPRA, Plaintiff must plausibly allege
> that the defendant "(1) knowingly benefited
> (2) from participating in a venture; (3) that
> venture violated the TVPRA as to [A.D.]; and
> (4) [Defendants] knew or should have known
> that the venture violated the TVPRA as to
> [A.D.]." Doe v. Red Roof Inns, Inc., 21 F.4th
> 714, 726 (11th Cir. 2021).

A.D. v. Choice Hotels Int'l, Inc., at *2.  The Court will consider
each of the elements as applied to the amended pleading.

**II.**

The operative amended complaint alleges the following:
Defendant Choice Hotels International, Inc. (Choice Hotels) knows
and has known for years that sex trafficking and prostitution occur
at their branded hotel locations.  Defendants R&M Real Estate
Company, Inc., Robert Vocisano, and Mario Vocisano (R&M Real Estate
collectively) also know and have known for years of both occurring
specifically at the Quality Inn & Suites Golf Resort (Quality Inn)
in Naples, Florida.  (Doc. #47, ¶¶ 2-3.)  This action for damages
is brought by the Plaintiff, identified by her initials A.D., a
survivor of sex trafficking under the TVPRA.  (Id. at ¶ 12.)

"With knowledge of the problem, and as a direct and proximate
result of Defendants' multiple failures and refusals to act,
mandate, establish, execute, and/or modify their anti-trafficking
efforts at the Quality Inn hotel, A.D. was continuously sex
trafficked, sexually exploited, and victimized repeatedly at the
Quality Inn hotel."  (Id. at ¶ 18.)  Plaintiff alleges that

defendants "participated in a hotel operating venture and knowingly benefited from this venture through room rentals, profits, third party fees, and the value of the "good will" of the Choice® brand. The venture knew or should have known that they were profiting from sex trafficking, including the sex trafficking of A.D., in violation of the TVPRA." (Id. at ¶ 19.)

Plaintiff further alleges that Choice Hotels and R&M Real Estate participated in a hotel operating venture that included staff at the Quality Inn. R&M Real Estate owns the Quality Inn pursuant to a franchise agreement entered into with Choice Hotels. Plaintiff alleges an agency relationship through Choice Hotels' "exercise of ongoing and systemic right of control over the Quality Inn hotel." (Id. at ¶¶ 29-32.) Choice Hotels makes decisions that directly impact the operations and maintenance of their branded hotels, including the Quality Inn. (Id. at ¶ 39.) R&M Real Estate directly offered public lodging services at the Quality Inn where A.D. was trafficked for sex. (Id. at ¶ 49.) Defendants "participated in a hotel operating venture in connection with the management and operating of the Quality Inn hotel involving risk and potential profit." (Id. at ¶ 52.)

During at least 2008 to 2012, emails were exchanged by employees of Choice Hotels that related to sex trafficking in hotels, including the Quality Inn. (Id. at ¶ 57.) Choice Hotels had actual and/or constructive knowledge of sex trafficking,

including A.D.'s sex trafficking and victimization, occurring on its branded property.  (Id. at ¶ 63.)  Choice Hotels continued to permit and profit from male clientele who rented hotel rooms to buy sex despite having access to sex trafficking indicators.  (Id. at ¶ 75.)  In 2018, a reviewer described the Quality Inn as being in a seedy part of Naples, "[d]id not feel safe."  (Id. at ¶ 79k.)  Choice Hotels monitors customer reviews.  (Id. at ¶ 81.)  Defendants had "actual or, at a minimum, constructive knowledge that the rental of rooms was for the purpose of sex trafficking A.D., in violation of the TVPRA."  (Id. at ¶ 105.)

R&M Real Estate staff openly observed signs of trafficking and did not aid plaintiff.  R&M Real Estate received revenue and a percentage was provided to Choice Hotels.  (Id. at ¶ 106.)  Through Choice Hotels' relationship with the staff at the Quality Inn, it benefited or received royalty payments, licensing fees, membership fees and dues, reservation fees, and percentages of the gross room revenue.  (Id. at ¶ 107.)  Through their "continuous business venture of renting hotel rooms", R&M Real Estate knowingly benefited.  (Id. at ¶ 109.) Plaintiff alleges that defendants benefit from the steady stream of income that sex traffickers bring to their hotel brands and from their reputation for privacy, discretion, and the facilitation of commercial sex.  (Id., ¶¶ 118-119.)

### III.

As previously stated, plaintiff must sufficiently plead that a defendant knowingly benefited from participating in a venture, that the venture violated the TVPRA, and that defendants knew or should have known that the venture violated the TVPRA.

**A. Knowingly Benefited**

To satisfy the first element of a TVPRA beneficiary claim, plaintiff must allege that defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, 21 F.4th at 724.  As the Eleventh Circuit stated,

> "Knowingly benefits" means "an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." *Knowledge*, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit "financially or by receiving anything of value." Accordingly, a plaintiff like the Does must allege that the defendant knew it was receiving some value from participating in the alleged venture.

Id. at 723-24.  In the absence of a more stringent statutory pleading requirement, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b).  Alleging a "continuous business relationship" is sufficient to show a knowing benefit.  G.G. v. Salesforce.com, Inc., No. 22-2621, 2023 WL 4944015, at *16 (7th Cir. Aug. 3, 2023). The Court previously found this element could be satisfied at this stage of the proceedings.  A.D. v. Choice Hotels Int'l, Inc., at *3.

**B. Participation in Venture - Franchisor**

Plaintiff must allege that the benefits received by Choice Hotels were from "participation in a venture" which defendants knew or should have known has engaged in an act in violation of the TVPRA. 18 U.S.C. § 1595(a).  The Eleventh Circuit rejected the statutory definition of "participation in a venture" found in the criminal provision, § 1591(e)(4), which defined "participation in a venture" as "knowingly assisting, supporting or facilitating a violation of subsection (a)(1)." Instead, the Eleventh Circuit held that "participation in a venture" in the civil context requires that plaintiff allege that the franchisor "took part in a common undertaking or enterprise involving risk and potential profit." <u>Red Roof Inns</u>, 21 F.4th at 725.

Plaintiff alleges that defendants "participated in a hotel operating venture and knowingly benefited from this venture through room rentals, profits, third party fees, and the value of the "good will" of the Choice® brand. The venture knew or should have known that they were profiting from sex trafficking, including the sex trafficking of A.D., in violation of the TVPRA." (Doc. #47, ¶ 19.)  Plaintiff alleges that defendants "participated in a hotel operating venture" in connection with the Quality Inn for potential profit. (<u>Id.</u> at ¶ 52.)  Plaintiff alleges that Choice Hotels "had actual and/or constructive knowledge of sex trafficking, including A.D.'s sex trafficking and victimization,"

at its branded property and it "failed to implement and enforce any of its own policy or policies and protect Plaintiff A.D. from being sex trafficked", failed to take action to prevent trafficking so that it could continue to profit, and failed to address the open and obvious presence of human trafficking on hotel properties. (Id. at ¶ 63.)  Choice Hotels is alleged to have demonstrated actual and/or constructive knowledge of the "rampant culture of sex trafficking" at their properties around the country, including through news stories and online reviews.  (Id. at ¶ 78.)

These additional facts in the Second Amended Complaint do not remedy the problem in the original pleading as to Choice Hotels. "[A]s the Eleventh Circuit has acknowledged, the alleged venture can be a 'commercial venture' like running or expanding a business. G.G. v. Salesforce.com, Inc., No. 22-2621, 2023 WL 4944015, at *6 (7th Cir. Aug. 3, 2023) (citing Red Roof Inns, Inc., 21 F.4th at 727 (emphasis added)).  However, as before, "[t]he 'participation' in the sex trafficking venture is essentially that the franchisor and the hotel operator did not fight hard enough to keep these traffickers from using their hotel.  The Complaint acknowledges that Defendants opposed sex traffickers, but fault defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture."  A.D. v. Choice Hotels Int'l, Inc., at *5.

The Court finds that Choice Hotels must be dismissed because the Second Amended Complaint does not sufficiently plead that it participated in a sex trafficking venture beyond participation in shared revenue as part of its normal role as a franchisor. <u>Red Roof Inns, Inc.</u>, 21 F.4th at 726-27 ("These allegations may suggest that the franchisors financially benefitted from renting hotel rooms to the Does' sex traffickers. But they do nothing to show that the franchisors participated in a common undertaking involving risk or profit that violated the TVPRA—<i>i.e.</i>, the alleged sex trafficking ventures.").

**C. Participation in Venture - Franchisee**

"In order to plead Defendants participated in a venture, Plaintiff must allege facts from which the Court could reasonably infer the hotels 'could be said to have a tacit agreement' with the trafficker. Plaintiff need not show that defendants had actual knowledge of the participation in the sex-trafficking venture." <u>Doe v. Rickey Patel, LLC</u>, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at *5 (S.D. Fla. Sept. 30, 2020) (citation omitted).  In other words, plaintiff can show a "continuous business relationship" to show participation. <u>J.G. v. Northbrook Indus., Inc.</u>, 619 F. Supp. 3d 1228, 1235 (N.D. Ga. 2022); <u>S.Y. v. Wyndham Hotels & Resorts, Inc.</u>, 519 F. Supp. 3d 1069, 1081 (M.D. Fla. 2021).

As to R&M Real Estate, the 'participation' is based upon the personal relationship between staff and the traffickers, and

direct employee encounters with A.D. and Trafficker 21 inside the
Quality Inn.   (Doc. #47, ¶¶ 99, 107.)   Trafficker 2 kept A.D.
confined to her room and the procession of men was open and obvious
to anyone working at the Quality Inn.   (Id. at ¶ 97.)   Trafficker
2 gave the housekeeper $100 to keep quiet about seeing a gun,
$10,000 in cash, and drugs while cleaning the room.   (Id. at ¶
99.)   "Through the R&M Defendants and Choice's continuous business
venture of renting hotel rooms, which were used for trafficking
A.D. at the Quality Inn hotel, the R&M Defendants knowingly
benefited or received something of value from activity that its
facilitation of or participation in a venture which it knew or
should have known had violated the TVPRA through the rental of
rooms where A.D. was trafficked."   (Id. at ¶ 109.)

    These facts at least plausibly infer that employees of the
Quality Inn were participating in an enterprise involving risk and
knowingly benefiting from the risk.   Red Roof Inns, Inc., 21 F.4th
at 725 (citing Ricchio v. McLean, 853 F.3d 553, 556-58 (1st Cir.
2017) (agreeing with First Circuit that an operator's association
with traffickers to serve a business objective establishes
participation in a venture with a sex trafficker).

    **D. Knowledge**

    This element requires the plaintiff to allege that the
defendant had either actual or constructive knowledge that the
venture violated the TVPRA as to the plaintiff. Red Roof Inns, 21

F.4th at 725.  Knowledge requires an awareness or understanding of a fact or circumstance, while constructive knowledge is knowledge that one should have 'using reasonable care or diligence'.  Id. (citing Black's Law Dictionary).

The 'red flags' supporting knowledge include payments in cash, large amounts of used condoms and bodily fluids on the sheets and towels, A.D.'s physical appearance, excessive requests for sheets and cleaning services, the personal relationship with staff and A.D.'s trafficker, and the direct employee encounters with A.D. and her trafficker inside the Quality Inn.  (Doc. #47, ¶ 99.) R&M Real Estate employees and staff openly observed signs of trafficking and did not aid plaintiff.  (Id. at ¶ 106.)

The Court finds these facts are sufficient to plausibly allege knowledge at this stage of the proceedings.  An overt or direct act is not required.  See, e.g., K.H. v. Riti, Inc., No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *4 (N.D. Ga. Apr. 17, 2023) (collecting cases of direct association between hotel and trafficker); J.C. v. I Shri Khodiyar, LLC, 624 F. Supp. 3d 1307, 1318 (N.D. Ga. 2022) (Plaintiff claims that her daughter was forced to have sex with Defendant's employees); J.G. v. Northbrook Indus., Inc., 619 F. Supp. 3d 1228, 1239 (N.D. Ga. 2022) (employees acted as lookouts for Plaintiff's traffickers).

Accordingly, it is now

**ORDERED:**

1. Defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #53) is **GRANTED** and defendant is dismissed with prejudice.

2. Defendant R & M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #54) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of August 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 13 -